UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARRIME L. STRATTON,

                Plaintiff,

          v.

OFFICER NARCISE 487; ORANGE COUNTY
SHERIFF'S DEPARTMENT; ROBERTS 206,

                Defendants.

No. 23-CV-2152 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Carrime L. Stratton ("Plaintiff"), who appears *pro se* and is presently held in the Orange County Jail, brings this Action asserting claims of violations of his federal constitutional rights as well as claims under state law. He seeks unspecified damages and other unspecified relief, and sues: (1) Orange County Correction Officer Narcise ("Narcise"); (2) the Orange County Sherriff's Department ("OCSD"); and (3) Orange County Correction Officer Roberts ("Roberts"). (*See generally* Compl. (Dkt. No. 1).) The Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983, as well as claims under state law.[1]

    By Order dated March 15, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons discussed below, the Court dismisses the claims against the OCSD and adds the County of Orange as a defendant. The Court directs service of the Complaint and the March 21 Letter on the County of Orange and

---

[1] The Court construes Plaintiff's letter ("the March 21 Letter") filed after his complaint as a supplement to his Complaint. (*See* Letter from Carrime L. Stratton to Court (March 21, 2023) ("Pl's Letter") (Dkt. No. 5).)

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Defendants Narcise and Roberts, and directs those Defendants to comply with Local Civil Rule 33.2.

## I.  Discussion

### A.  The OCSD

The Court must dismiss the claims against the OCSD because a municipal agency or department, such as the OCSD, does not have the capacity to be sued under New York law.  *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the County of Orange, the Court construes the complaint as asserting claims against the County of Orange, dismisses the claims against the OCSD, and directs the Clerk of Court to amend the caption of this Action to replace the OCSD with the County of Orange as a Defendant.  *See* Fed. R. Civ. P. 21 (The court may, on its own motion, at any time, "on just terms, add or drop a party.").  This amendment is without prejudice to any defenses the County of Orange may wish to assert.

### B.  Service on the County of Orange and Defendants Narcise and Roberts

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3]  *Walker v. Schult*, 717 F.3d 119, 123 n.6

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served summonses, the Complaint, and the March 21 Letter until the Court

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the Complaint and the March 21 Letter on the County of Orange and Defendants Narcise and Roberts through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants.  The Clerk of Court is further instructed to issue a summons for each of those Defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the Complaint and the March 21 Letter upon those Defendants.

If the Complaint and the March 21 Letter are not served on those Defendants within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

C.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires Defendants in certain types of prisoner cases to respond to specific, Court-ordered discovery requests, applies to this Action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of

---

reviewed the Complaint and the March 21 Letter and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date that summonses are issued.

service of the Complaint and the March 21 Letter, the County of Orange and Defendants Narcise and Roberts must serve responses to those standard discovery requests. In their responses, those Defendants must quote each request verbatim.[4]

### D.  New York Legal Assistance Group

Plaintiff may consult the legal clinic opened in this judicial district to assist people who are parties in civil cases, but who do not have lawyers. The clinic is operated by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or operated by, the Court (and, among other things, therefore, it cannot accept filings on behalf of the Court, which must still be filed by a *pro se* party in the court's Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, New York, New York 10007. Once the paperwork is received, the clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the clinic to contact the litigant. Copies of the clinic's flyer, retainer, and intake form are attached to this order.

## II.  Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also dismisses the claims against the Orange County Sheriff's Department, and directs the Clerk of Court to add the County of Orange as a Defendant. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to issue summonses for the County of Orange and Defendants Narcise (Badge No. 487) and Roberts (Badge No. 206); complete USM-285 forms with the addresses of those Defendants; and deliver all documents necessary to effect

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

service of the Complaint and the March 21 Letter on those Defendants to the U.S. Marshals Service.

The Court additionally directs the County of Orange and Defendants Narcise and Roberts to comply with Local Civil Rule 33.2 within 120 days of service of the Complaint and the March 21 Letter.

A flyer, retainer, and intake form from NYLAG are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 6, 2023
         White Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge

5

**DEFENDANTS AND SERVICE ADDRESSES**

1. The County of Orange
   Law Department
   255-275 Main Street
   Goshen, New York 10924

2. Correction Officer Narcise (Badge No. 487)
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. Correction Officer Roberts (Badge No. 206)
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

**I. LIMITS OF ASSISTANCE**

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

**II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY**

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                                    _____
Signature                                                                                                  Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG** — New York Legal Assistance Group

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

### How did you hear about our clinic? (Circle One)

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

### Ethnicity (Circle One)

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

### Education Level (Circle One)

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**